STATE ex Rel. WILKINSON, Relator, *v.* McGRATH, County Clerk, Respondent.

(No. 8,159.)

(Submitted October 3, 1940. Decided October 11, 1940.)

[106 Pac. (2d) 186.]

*Mr. W. D. Kyle* and *Mr. Rex F. Henningsen,* for Relator, submitted a brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Lee Metcalf,* Assistant Attorney General, *Mr. W. E. Coyle* and *Mr. J. F. Emigh,* for Respondent, submitted a brief; *Mr. Metcalf* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is a companion case to *State ex rel. Wulf* v. *McGrath,* ante, p. 96, 106 Pac. (2d) 183, this day decided. In this

case the facts are that the name of one Charles Killian was written in as a candidate for representative in the state legislature for Silver Bow county and received sufficient votes to nominate him upon compliance with section 640, Revised Codes, as to acceptance. On July 31, or more than ten days after the election day, Killian appeared before the clerk of the county and presented an instrument purporting to be an acceptance of the write-in nomination and tendered his fee.

As in the preceding case, the clerk considered the acceptance to have come too late, and not within the ten-day period as prescribed in section 640, and refused to enter the name of Killian in the register of candidates. Some three days later, and on August 3, Killian filed a "resignation" of the nomination. The Republican Central Committee, under the theory that Killian had accepted within the time prescribed, proceeded under the provisions of Chapter 84, Laws of 1939, to fill the vacancy occurring by reason of Killian's "resignation" by the appointment of the relator. The relator states in his petition that if Killian was not a qualified candidate, then no resignation or vacancy occurred to be filled by the Central Committee by the appointment of the relator.

What we have said in the companion case is controlling here. Since Killian failed to file his acceptance within ten days from the election, no vacancy by resignation occurred, and the Central Committee was without power to nominate the relator to fill that vacancy.

Writ denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ARNOLD concur.